UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN BURDICK,

                                Plaintiff,

  -against-                                      1:06-CV-1465
                                                      (LEK/RFT)

WILLIE JOHNSON, JR., JON DOYLE,
TROOPER GAUNEY, and TROOPER KANEG,

                                Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

On December 6, 2006, Burdick commenced this action. In his Complaint, Burdick asserts that, on or about December 4, 2003, he "was arrested by the Defendants under the pretext of his needing a psychological evaluation [and that] [d]uring the course of this arrest, the Defendants used excessive force to subdue Burdick, severely fracturing his wrist." Complaint (Dkt. No. 1) at ¶ 1. Burdick asserts causes of action under Section 1983 of Title 42 of the United States Code ("42 U.S.C. § 1983") for application of excessive force and false arrest. Complaint (Dkt. No. 1) at ¶¶ 16-25. On April 2, 2007, a copy of the Summons and Complaint was accepted on behalf of Defendant Trooper Gauney by Sergeant Lewis of the New York State Police at Trooper Gauney's place of employment and a copy of the Summons and Complaint was mailed to Trooper Gauney at his place of employment in an envelope that "did not reflect that the mail was from an attorney or

---

[1] For printed publication by the Federal Reporters.

process server." Certificate of Service (Dkt. No. 18, Att. #1). Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6), contending that the Complaint must be dismissed because the claims therein are barred by the statute of limitations. In addition, Defendants contend that, due to the failure to effect proper service pursuant to Rule 4(e), Plaintiff did not achieve personal jurisdiction over Trooper Gauney. See Mem. of Law (Dkt. No. 8, Att. #1). Burdick has opposed Defendants' motion. See Aff. in Opp'n (Dkt. No. 18) at ¶¶ 2, 3.

## II. Discussion

### A. *Standard of Law - Motion to Dismiss.*

In evaluating a Rule 12(b)(6) motion, the court accepts the facts alleged in the complaint and "construe[s] all reasonable inferences in the plaintiff's favor." Hernandez v. Couglin, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted). A motion to dismiss based on a statute of limitations defense should be granted "when the running of the statute is apparent from the face of the complaint." Hussain v. Comm'r of Nassau County Police Dep't, 368 F.Supp.2d 216, 217 (E.D.N.Y. 2005) (citations omitted). However, it must also be "beyond a doubt that plaintiff can prove no set of facts in support of his claim which entitle him to relief." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Defendants seek to dismiss Plaintiff's Complaint on the basis that the statute of limitations has expired. For the reasons set forth below, Defendants' motion is denied.

B. *Statute of Limitations.*

In actions accruing under 42 U.S.C. § 1983, the limitations period to be used is "the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989). In New York, the general limitation period for personal injury suits is three years. N.Y. C.P.L.R. § 214(5) (2007). The limitation periods for § 1983 actions accrue when a plaintiff "knows or has reason to know" of the injury at issue. Singleton v. New York, 632 F.2d 185, 191 (2d Cir. 1980) (citations omitted). Claims for false arrest generally accrue on the date of the false arrest. Id. at 191. When the final day of the period falls on a weekend or legal holiday, both federal and state law operate to extend the period to the next-occurring business day. See Fed. R. Civ. P. 6(a); N.Y. Gen. Constr. Law § 25-a(1) (2007) (establishing specific regulations for calculation of time periods).

The Complaint, filed on December 4, 2006, asserts that the injury occurred on December 2, 2003. Defendants assert that the claim here was filed two days too late, and is therefore time-barred. Mem. of Law (Dkt. No. 8, Att. # 1). Defendants' reliance on Pugh v. New York, where the claim was found to be time-barred due to filing one day late, is misplaced. No. 01CV0129, 2002 U.S. Dist. LEXIS 2976, *5-6 (E.D.N.Y. Jan. 15, 2002). In Pugh, the last possible date to file was January 8, 2001, which was a Tuesday, and the relevant period could not be enlarged. See id. Here, the three-year statute of limitations ended on December 2, 2006, which was a Saturday. The next-occurring business day was Monday, December 4, 2006, the day on which filing occurred. Accordingly, Burdick's claim was timely filed on the last day of the statutory period.

C. *Personal Jurisdiction over Trooper Gauney.*

Trooper Gauney was served by a method that is not specifically enumerated in Rule 4 of the Federal Rules of Civil Procedure ("F.R.C.P."). The appropriate federal provision relating to service of Trooper Gauney is F.R.C.P. Rule 4(e), because Trooper Gauney is an individual within this judicial district. Service was effected upon Trooper Gauney through delivery to a responsible person at Trooper Gauney's place of employment, followed by a copy mailed to Trooper Gauney at the same place of employment in a plain envelope marked "personal and confidential." Although this method is not explicitly provided in F.R.C.P. Rule 4, Subsection (e)(1) provides that service may be effected "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). New York Civil Practice Law and Rules Section 308, Subdivision (2), provides that service may be accomplished by:

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other...

N.Y. C.P.L.R. § 308(2) (2007).

Because service on Trooper Gauney was appropriate under New York law, it was also proper under F.R.C.P. Rule 4(e). Therefore, personal jurisdiction over Trooper Gauney was appropriately established.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Defendants' Motion to dismiss (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    October 04, 2007
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge